■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MARTIN J. YAMIN, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, made August 6, 1963 upon the court's written decision and findings of fact after a hearing, which: (a) granted defendant's *coram nobis* application to vacate a judgment of the former County Court, Kings County, rendered December 13, 1955 upon his plea of guilty during trial, convicting him of murder in the second degree, and sentencing him to serve a term of 20 years to life; (b) vacated such judgment; (c) withdrew his guilty plea; and (d) reinstated his prior not guilty plea. Ordered reversed on the law and the facts; the defendant's *coram nobis* application is denied; the judgment of conviction rendered December 13, 1955 is reinstated; and the defendant's bail is revoked and he is remanded to custody. Findings of fact made by the court below which are inconsistent herewith are reversed, and new findings are made as indicated herein. Defendant was indicted in April, 1955 for murder in the first degree. In December, 1955, upon his

plea of guilty, he was convicted of murder in the second degree; and he was sentenced to serve a term of 20 years to life. In March, 1962, more than six years after his conviction, defendant moved by way of *coram nobis* to vacate his judgment of conviction. In August, 1963, after a hearing, the court granted the application. In its opinion accompanying the grant of the application, the court found that: (1) defendant's plea of guilty was involuntary on its face; (2) defendant's plea was induced by the prosecutor's misrepresentation that the evidence before the Grand Jury established a prima facie case; (3) defendant's plea was coerced by threats made to indict his father; and (4) the People's careless or complacent use of false testimony induced defendant to make the plea of guilty involuntarily. In our opinion, the record does not sustain such findings. To to the contrary, we find that the defendant's plea of guilty was not involuntary on its face. While the minutes of the defendant's plea reflect reluctance to admit his precise role in the murder and his guilt; and while the trial court might have made a closer inquiry into the extent of defendant's participation and guilt, the minutes, nevertheless, do reflect the defendant's admission of his guilt upon a charge which he understood. The minutes also show that he made his admission and plea of guilty upon the advice of experienced counsel, and that the defendant was sane at the time he made such admission and plea. Hence, it cannot be said that defendant's plea of guilty was involuntary. We also find that defendant failed to establish: (a) that the People misrepresented the legal nature of the evidence which was submitted to the Grand Jury; (b) that threats were made to indict defendant's father in the event that defendant did not plead guilty; (c) that the People's witnesses committed perjury; (d) that their trial testimony was false in any substantial respect; and (e) that the People's witness, Lococo, had been promised a misdemeanor plea by the People or by anyone acting on the People's behalf. Finally, we conclude as a matter of law that, if the People intend to request consideration for a People's witness who is the subject of an indictment, the People are not obliged to disclose that intention to the trial court so long as the People, impliedly or expressly, have not entered into such an undertaking with the witness (cf. *People* v. *Mangi,* 10 N Y 2d 86; *People* v. *Savvides,* 1 N Y 2d 554). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.